## JOHNSTON v. UNITED STATES.

### No. 10779.

Circuit Court of Appeals, Ninth Circuit.

Oct. 10, 1944.

Clarence L. Gere, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and G. D. Hile, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

In December of 1939 defendant Johnston was indicted and adjudged guilty, upon the entry of his plea of guilty, for robbing the mail and endangering the life of a mail custodian by the use of a dangerous weapon in violation of 18 U.S.C.A. § 320. He was sentenced to imprisonment for twenty-five years. In March of 1944 he made the within motion, before the United States District Court which had presided over the original hearing, to vacate the judgment and sentence on the ground that the indictment failed to state a federal offense and consequently that the trial court lacked jurisdiction over the matter. The motion was denied, and defendant appeals.

The challenged indictment alleged in part that defendant did "rob and take from the person, possession and in the presence of one H. F. McElhaney, Clerk in Charge of Contract Station No. 59, a branch of the United States Post Office at Seattle, Washington, without the consent of the said H. F. McElhaney, and against his will, certain monies which were then and there in the lawful charge, control and custody of the said H. F. McElhaney in his official capacity and character as Clerk in charge of

said Contract Station No. 59, a branch of the United States Post 'Office at Seattle, Washington, to-wit, the sum of Twenty-two and 94/100 Dollars * * * being postage stamp funds of the said Contract Station No. 59 * * *."

According to defendant's argument the indictment is fatally defective in failing specifically to charge that the money taken by him was property of the United States since the statute under which the indictment was framed, 18 U.S.C.A. § 320, is limited to robbery in connection with "mail matter, money, or other property of the United States." Defendant contends that under the standard contract between the Postmaster General and a branch post office the latter is not supplied with postage stamp funds by the government, that the indictment herein merely charged custody and control, as to the money stolen, by the clerk of a contract station in his official capacity, that necessary allegations in a criminal indictment cannot be supplied by implication, intendment or recital, and that therefore an allegation of the ownership by the United States of the money taken, essential to the statement of a federal offense, is lacking.

The indictment alleged that the money taken was at the time of the robbery in the lawful custody of a certain clerk in his official capacity as clerk in charge of a branch of the United States Post Office. We believe that such an averment of possession in an agent of the United States under the authority of his official position is the equivalent of an averment of ownership by the United States. See dictum in Hubbard v. United States, 9 Cir., 1935, 79 F.2d 850, 852; Hoback v. United States, 4 Cir., 1922, 284 F. 529, 532.

Our decision herein need not be based alone·on our interpretation of the allegation of possession, for we may consider herein all implications of the language used in the indictment. In Elder v. United States, 9 Cir., 1944, 142 F.2d 199, 200, this court recognized that necessary facts could be drawn by reasonable inference from the allegations of an indictment where that document was not challenged in the trial court but was questioned for the first time on appeal from a conviction in the trial court. Hagner v. United States, 1932, 285 U.S. 427, 433, 52 S.Ct. 417, 76 L.Ed. 861. The same rule applies in the instant case where the indictment was not contested until the present motion to vacate the judgment was made more than four years after judgment and sentence.

The allegation in the indictment herein as to the custody of the money stolen together with the declaration that the money constituted postage stamp funds of the branch post office we think raises a reasonable inference that the money was property of the United States. Under various pertinent statutes, postal revenues, including sums received by reason of keeping a branch office, constitute public money belonging to the United States, 39 U.S.C.A. §§ 42 and 46, 5 U.S.C.A. § 380; the Postmaster General is given authority to establish branch offices and to make rules and regulations for the government thereof, 39 U.S.C.A. § 158, and to enter into contracts for the conduct of such offices, 39 U.S.C.A. § 161.

Under the general procedure established by the postal regulations in effect at the time the robbery herein was committed—of which regulations we take judicial notice, Caha v. United States, 1894, 152 U.S. 211, 221, 14 S.Ct. 513, 38 L.Ed. 415—postmasters issued stamp supplies to clerks in charge of contract stations within the amounts of the bonds of the clerks and received in return fixed credit receipts; the supplies appeared on the records of the postmasters as stock on hand; money received from the sale of such stamp supplies was used to purchase additional supplies; periodic inventories were taken of both supplies and cash in the custody of employees of contract stations, Postal Laws and Regulations of 1932, § 152, subdivision 4.

The provision for the "purchase" of additional supplies does not necessarily mean a transfer for cash of stamp supplies by the government to clerks of contract stations and a resultant transfer of title. The definition of the word "purchase" in Funk & Wagnalls' "New Standard Dictionary" (1940) applicable here is: "3. Law. (1) To acquire (property) by one's own act or agreement, as distinguished from the act or mere operation of law." Other provisions of the postal regulations cannot be reconciled with a change of ownership theory, such as the requirement that stamp supplies originally shall be issued only within the amount of the branch clerk's bond, and strict requirements for the keeping of stamps and funds in safes (Regulations, § 106, subdivision 4). Clearly, the regulations are inconsistent with the view that stamps and funds are property of clerks in charge of contract stations and there-

fore property in which the United States has no interest. Further, as has been seen, the branch clerk invests no money of his own for such supplies but is issued the initial supply upon his fixed credit receipt which is secured to the government by the manager's bond.

Nothing appears in the postmaster-branch office contract relied upon by defendant contradictory to government ownership of funds in the possession of the clerk in charge of a contract station, even should we assume the right to take judicial notice of it.

The indictment alleges a federal offense, and defendant-appellant's motion to vacate the judgment and sentence based thereon was properly denied.

Affirmed.