## MALOOF v. UNITED STATES.

### No. 11238.

Circuit Court of Appeals, Ninth Circuit.

Aug. 29, 1946.

On Rehearing Jan. 20, 1947.

Writ of Certiorari Denied May 5, 1947.

See 67 S.Ct. 1306.

Further Rehearing Denied Feb. 26, 1947.

Leo R. Friedman, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Reynold H. Colvin, Asst. U. S. Atty., both of San Francisco (Francis E. Harrington, Sp. Trial Atty., OPA, of Portland, Ore., of counsel), for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a conviction of a violation of a maximum rent regulation [1] promulgated pursuant to the Emergency Price Control Act of 1942, as amended.[2] The issue herein is whether the information stated sufficient facts to constitute a crime and adequately inform the appellant of what she was charged. The record on appeal fails to disclose that appellant made objections as to the adequacy of the information during or prior to the trial of the case. Omitting the formalities, the information was as follows:

"* * * informs this Court: That Zerefa Maloof, (hereinafter called 'said defendant') on or about the 15th day of December, 1945, in the City and County of San Francisco, State of California, in the Southern Division of the Northern District of California and within the jurisdiction of this Court, did unlawfully, wilfully and knowingly rent to B. E. Wood and R. D. Sullivan a certain room in a hotel and rooming house, to-wit, Room No. 11, Hotel Rosslyn, 44 Eddy Street, City and County of San Francisco, State of California, for a rental price of $5.00 per night for two persons, which said sum of $5.00 per night for two persons was higher than the maximum price fixed by law, said maximum price then and there being $2.00 per night for two persons, as the said defendant then and there well knew. (Regulations for Hotels and Rooming Houses, 9 F.R. 11322.)"

The appellant makes two specific contentions, which she believes are so basic as to defeat the jurisdiction of the District Court: First, that the offense sought to be charged can only be committed by a particular class of persons, and the information fails to allege that the appellant was of that class. Second, that the information fails to allege, as a fact, the maximum price fixed by law for the rental of the room.

As to the first contention: The statutory prohibition (50 U.S.C.A.Appendix, § 904(a) forbids "any person * * * to demand or receive any rent * * * in violation of any regulation or order under section 2 (50 U.S.C.A.Appendix, § 902)." The language of the applicable rent regulations is in harmony with the statutory language.[3]

As to the second contention: Un-

---

[1] Regulations (1388.1231) for Hotels and Rooming Houses, 9 Fed.Regis. 11322.

[2] The caption of the information advised the defendant that it was laid under 50 U.S.C.A.Appendix, §§ 902, 904 (a) and 925 (b).

[3] Rent Regulations for Hotels and Rooming Houses, supra.

"Sec. 2. *Prohibition—(a)—Prohibition against higher than maximum rents.* Regardless of any contract, agreement, lease or other obligation heretofore or here-

As to the second contention: Under Sec. 11 of the said rent regulation (see F.N. 1), the maximum rent to be charged for any room, regularly rented in any defense rental area, must be filed in the Area Rental Office. Once the maximum rent has been so filed it cannot be changed except by a formal order by the Area Rent Director pursuant to Sec. 5 of the said regulation. Therefore the maximum rent of the room in question, $2, was determined and certain under Sec. 7 of the regulation noted and so alleged in the information. The case upon which the appellant relies, United States v. Johnson, D.C., 53 F.Supp. 167, can be distinguished on the ground that there were there involved commodities with variable maximum prices, determined, in each instance and at each time, by the application of a formula involving many variable factors. That is not the situation here. There was no necessity to set out in this information the formulas whereby the maximum rent of the room was originally determined. Even if that were required, the appellant could not now object. She was adequately advised by a plain, definite and concise statement of the facts and the crime alleged. If more information was required to enable defendant to adequately prepare a defense, (no demand was made for a bill of particulars) it could have been had upon motion by appellant. She was not, therefore, in any way prejudiced in the preparation of her defense. See United States v. Cruikshank, 92 U.S.

542, 23 L.Ed. 588; United States v. Britton, 107 U.S. 655, 2 S.Ct. 512, 27 L.Ed. 520; Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390; Harris v. United States, 8 Cir., 104 F.2d 41; Myers v. United States, 8 Cir., 15 F.2d 977; Koa Gora v. Territory of Hawaii, 9 Cir., 152 F.2d 933, and cases there cited.

We are of the view that the information recited sufficient facts to properly charge a crime against the United States and to adequately inform appellant of what she was charged. The judgment of the court below is affirmed.

## On Rehearing.

PER CURIAM.

Upon consideration of the arguments advanced upon rehearing, we reaffirm our original opinion in this case.

We are of the view that the information recited sufficient facts to properly charge a crime against the United States and to adequately inform petitioner of what she was charged. Morgan v. United States, 5 Cir., 149 F.2d 185; United States v. Steiner, 7 Cir., 152 F.2d 484, certiorari denied 66 S.Ct. 808; Fink v. United States, 9 Cir., 142 F.2d 443. Cf. Flanagan v. United States, 9 Cir., 145 F.2d 740; United States v. Fried, 2 Cir., 149 F.2d 1011, certiorari denied 326 U.S. 756, 66 S.Ct. 97; United States v. Pepper Bros., 3 Cir., 142 F.2d 340.

after entered into, *no person* shall demand or receive any rent for or in connection with the use or occupancy on and after the effective date of regulation of any room in a hotel or rooming house within the Defense-Rental Area higher than the maximum rents provided by this regulation; and *no person* shall offer, solicit, attempt, or agree to do any of the foregoing. Lower rents than those provided by this regulation may be demanded or received. * * * [Emphasis supplied]

"Sec. 13 (a) (5). 'Person' includes an individual, corporation, partnership, association, or any other organized group of persons, or legal successor or representative of any of the foregoing, and includes the United States or any agency thereof, or any other government, or any of its political subdivisions, or any agency of any of the foregoing."

See also provisions of Sections 902 (b, c, g) and 942, 50 U.S.C.A.War Appendix.