**KEMPE v. UNITED STATES.**

No. 13416.

Circuit Court of Appeals, Eighth Circuit.

April 3, 1947.

Writ of Certiorari Denied June 9, 1947.

See 67 S.Ct. 1534.

Eugene D. O'Sullivan, of Omaha, Neb., and William P. Welch, of Logan, Iowa (William H. Welch, of Logan, Iowa and Bernard R. O'Connor, of Sioux City, Iowa, on the brief), for appellant.

Tobias E. Diamond, U. S. Atty., of Sioux City, Iowa (Wm. B. Danforth, Asst. U. S. Atty., of Sioux City, Iowa, on the brief), for appellee.

Before GARDNER, THOMAS and RID-DICK, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a conviction and sentence upon two counts of an information filed by the United States Attorney. It is the second appeal to this court from conviction upon the same charges. On the first appeal we reversed and remanded the case for a new trial on the sole ground that the court erred in admitting evidence of offenses other than those charged in the information. See Kempe v. United States, 8 Cir., 151 F.2d 680.

The first count of the information charged that the appellant "on the 4th day of Octo-

ber, 1944, in the City of Sioux City, Iowa, * * * being then and there engaged and employed in * * * the business of selling and delivering gasoline in tank wagons to persons who resell the same at retail establishments, did knowingly willfully, and unlawfully, * * * sell and deliver to one C. T. Studley, a person * * * engaged in the business of reselling' gasoline at a retail establishment in Sioux City, Iowa, 500 gallons of gasoline without receiving * * * at the time of the actual delivery of said gasoline, or within five days thereafter, a quantity of coupons or other evidences equal in gallonage value to the 500 gallons of gasoline transferred, * * * in violation of Ration Order No. 5C (7 Federal Register 9135), as amended, a regulation made under the Second War Powers Act of 1942 (Sections 631 to 645a * * * Title 50, United States Code), as amended * * * [50 U.S.C.A. Appendix, §§ 631–645a]"

The second count charged in detail that on October 4, 1944, appellant sold C. T. Studley 500 gallons of gasoline at a price of 19½ cents a gallon which he well knew was higher than the maximum tank wagon price of 16.1 cents a gallon established by Section 7.4 Maximum Price Regulation No. 88 (9 Federal Register 1783), in violation of said Maximum Price Regulation 88, a regulation made under the Emergency Price Control Act of 1942, as amended, Sections 901 to 946, both inclusive, Title 50 U.S.C.A. Appendix.

On this appeal the appellant contends that

(1) The information is so vague and indefinite as to be lacking in due process in violation of the 5th amendment to the Constitution and so non-informative as to violate the 6th Amendment';

(2) The court erred in overruling appellant's challenge to certain of the jurors;

(3) The evidence was insufficient to establish the guilt of the appellant beyond a reasonable doubt;

(4) The United States Attorney was guilty of prejudicial misconduct in the course of the trial; and

(5) The court failed on its own motion properly to instruct the jury on the law and the applicable regulations governing the offenses charged.

■ First. The validity and sufficiency of the information was considered by us on the first appeal of this case and we then held that the charge of insufficiency was without merit. We are of the same opinion still. Our present conclusion is reached' without reference to the doctrine of the law of the case. If we were now convinced, which we are not, that our former decision was clearly erroneous and that it works a manifest injustice we would not hesitate to reverse our former decision. The doctrine of the law of the case is a salutary rule of practice, but it is not a limitation on the power of the court. Messenger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; Western Fire Ins. Co. v. University City, 8 Cir., 124 F.2d 698; Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. Ry. Co., 8 Cir., 106 F.2d 891.

■ The information stated in clear language the nature of the charges against the appellant, giving him a reasonable opportunity to prepare his defense. The law and the regulations, of which he was bound' to take notice, were cited, and the acts charged to have violated the regulations were stated specifically. The allegations were sufficient in every particular to bar a subsequent prosecution for the same offenses. Maloof v. United States, 9 Cir., 159 F.2d 62; United States v. Steiner, 7 Cir., 152 F.2d 484, 486; Morgan v. United States, 5 Cir., 149 F.2d 185, 187. Neither the 5th nor the 6th Amendment was violated by reason of inadequacy in the recitals and allegations of the information.

Second. On the trial appellant challenged three prospective jurors. The court overruled the challenge in each case, and the ruling is assigned as error. All three testified that they were farmers; that they were not acquainted with the appellant, had heard nothing about the case, and knew of no reason why they could not be fair and impartial jurors.

The first, John Benker, testified that he was a member of the Woodbury County, Iowa, Triple A Committee; that as such he had something to do with recommenda-

tions regarding whether a farmer should have a certain quantity of gasoline with which to operate his farm machinery; that as a member of the Township Committee he would make recommendations to the county committee. He was challenged "because his examination discloses that he is now an officer of an agency that has to do with the administration of the regulations under which the defendant has been informed on."

The other two, Duncan and Lullman, testified that they were "alternate" members of Township Triple A committees in their respective counties but that they had never been called upon to serve in any case. They were both challenged "for the reason" that they were members of Triple A committees.

The appellant exercised all of his peremptory challenges and struck from the jury the name of John Benker. Duncan and Lullman served as jurors on the trial.

The appellant's contention is that the challenged jurors being officers of the government the relation of master and servant existed between them and the United States, and that in a criminal case they were subject to challenge for cause by the defendant.

Appellant relies upon the decision of the Supreme Court in Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392, in which the Court held that a clerk in a post office is an employee of the United States and by reason thereof was presumed to be biased or prejudiced in favor of the government in a criminal case in the federal court.

Counsel for appellee argues that the doctrine of the Crawford case has been so restricted in its application by the decision in United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78, that it is not an authority in the present case; that the function of the members of a Triple A committee was merely advisory and not such as to raise a presumption of bais or otherwise to disqualify them as jurors.

28 U.S.C.A. § 411 provides: "Jurors to serve in the courts of the United States, in each State respectively, shall have the same qualifications, subject to the provisions hereinafter contained, and be entitled to the same exemptions, as jurors of the highest court of law in such State may have and be entitled to at the time when such jurors for service in the courts of the United States are summoned."

And 28 U.S.C.A. § 424 provides: "All challenges * * * to individual jurors for cause or favor, shall be tried by the court without the aid of triers."

A challenge for "cause" must be upon grounds of absolute disqualification while a challenge "for favor" means for bias or prejudice. United States v. Wood, supra, 299 U.S. at page 135, 57 S.Ct. 177, 81 L.Ed. 78.

The question here is whether under Iowa law the challenged jurors were disqualified for "cause."

The law of Iowa at the time of the trial in the district court in criminal cases is found in § 13830, sub. 5, of the Code of Iowa of 1939. The section, so far as pertinent, reads: "A challenge for cause may be made by the state or defendant, and must distinctly specify the facts constituting the causes thereof. It may be made for any of the following causes: * * *

"5. Standing in the relation of * * * *master and servant, * * *"*. (Italics supplied.)

The burden was upon the appellant as challenger to show that the members of the Triple A Township committees were servants of the United States. He showed only that the challenged jurors are farmers; that they made recommendations during the war to other committees in regard to amounts of gasoline to be rationed to farmers in their locality. It is not shown whether they acted in the interest of the government in the administration of the Price Control Act or whether they acted in aid of the farmers in their efforts to procure a satisfactory allotment of gasoline for their farming operations. In appellee's brief it is asserted, and not denied, that these committees were selected by the farmers in the townships; and so generally known is it that the committeemen received no compensation for their services, we may take judicial notice of that fact. Ohio Bell Telephone Company v. Public Utilities Commission, 301 U.S. 292, 301, 57 S.Ct. 724, 81 L.Ed. 1093. Further, these com-

mittees were not appointed by nor paid for their services by the Office of Price Administration nor from funds of the United States. "The question" of their qualifications to serve as jurors "thus presented is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence." Reynolds v. United States, 98 U.S. 145, 156, 25 L.Ed. 244. Our duty on appeal is limited to the question whether there was manifest error in denying the challenges. Robinson v. United States, 6 Cir., 144 F.2d 392, 398. We think the appellant failed to sustain the burden of showing that the relation of master and servant existed between the United States and the challenged jurors, or that they were in any way "biased." As said by the Supreme Court in United States v. Wood, supra, 299 U.S. at page 149, 57 S.Ct. at page 187, 81 L.Ed. 78, "The imputation of bias simply by virtue of government employment, without regard to any actual partiality growing out of the nature and circumstances of particular cases, rests on an assumption without any rational foundation." And see Simpson v. United States, 8 Cir., 184 F. 817. There was neither error nor abuse of discretion, therefore, in denying the challenges.

█ Third. The contention that the evidence was insufficient to prove the defendant guilty beyond a reasonable doubt is without merit. It is conceded that the evidence is conflicting upon the vital issues. This is due chiefly to the fact that the appellant who did not testify on the first trial took the witness stand at the second trial and denied the testimony of the government's witnesses. That presented only a question of credibility for the jury. See Kempe v. United States, 8 Cir., 151 F.2d 680, 686. A review of the testimony here would serve no useful purpose.

█ Fourth. The appellant argues that the district attorney was guilty of prejudicial misconduct upon the trial of the case in three particulars.

To understand the import of this contention it should be remembered that the information charged that Kempe sold and delivered gasoline to C. T. Studley on Oc-

tober 4, 1944, in excess of the ceiling price and without receiving coupons therefor; and that his conviction on the first trial was reversed because evidence of other offenses of like kind was erroneously received in evidence on the trial. On the second trial Studley testified on behalf of the government: "I transacted business with him [Kempe] on October 4, 1944. I bought some gasoline from him * * * I don't think Mr. Kempe asked me for any gas coupons at any time. I didn't give him any."

On cross-examination by appellant's counsel he was asked:

"Q. Now, how many times had you bought gasoline from Mr. Kempe? A. I wouldn't remember. I don't remember.

"Mr. Diamond [U. S. Attorney]: I want the court to note that question. He has opened the door now.

"The Court: What was the answer? A. I don't remember. I believe I bought gasoline from Kempe, if I remember, two or three times. I kept no records."

There was no objection or exception to the remark of Mr. Diamond, no motion for a mistrial nor request for instruction. Apparently counsel for appellant did not at the time regard the remark as implying that appellant had committed other offenses similar to those charged in the information. The statement, "He has opened the door now", could convey no meaning to a party who had not participated in the first trial and who could qualify to serve as a juror at the second trial. This assignment of error is without merit.

█ The second charge of misconduct relates also to an alleged allusion to offenses other than those charged in the information. On cross-examination of the appellant by the United States Attorney the following occurred:

"Q. Isn't it a fact that before October 4, 1944, in that summer or fall of 1944, before that date, that you were short of coupons and that you offered to buy coupons from a girl at the Toy National Bank here in Sioux City?

"Mr. Welch: That is objected to as improper, prejudicial to the rights of the de-

fendant; it refers to a transaction other than those laid in the Information, not proper cross examination; no proper foundation for impeachment.

"The Court: The objection is sustained.

"Mr. Welch: And the defendant also asks the Court to instruct the jury to disregard the question and its implications.

"The Court: The jury is instructed to disregard any implications in the question."

Counsel for appellant did not move for a mistrial or take further notice of the matter in the trial court, and no authority is cited to sustain the charge of reversible error. There was nothing here to call for a rebuke of the court in addition to the admonition given to the jury, as there was in the case of Berger v. United States, 295 U.S. 78, 85, 55 S.Ct. 629, 79 L.Ed. 1314. There was no ground even for the granting of a mistrial, had it been requested. We are unable to believe, in view of the court's admonition to the jury, that any prejudice resulted. Compare Kuhn v. United States, 9 Cir., 24 F.2d 910, 911, 913.

■ Lastly, although no exception was taken at the trial, it is urged that the district attorney was guilty of prejudicial misconduct in his closing argument to the jury. The argument complained of reads: "It was Kempe's duty to demand coupons. And Studley's duty to deliver, but if he didn't ask, why he wouldn't deliver them. And, another thing: If he had, don't you suppose for one minute they would have served notice upon the Government because these coupons get back to the Government. Wouldn't they have served notice upon the Government to produce these coupons? They should have served notice on the Government to produce every coupon for the month of October and the preceding month. Those are the ones that Studley would have had to deliver to Mr. Kempe if Mr. Kempe testified right. Do you suppose they would overlook that with eminent and able coun-

sel on the other side? Oh, no, I know Mr. Welch too well."

There was further argument of like tenor to which no exception was taken.

■ The argument criticised here for the first time does not exceed the bounds of legitimate argument. That the gasoline coupons are government property is a matter of law. Lotto v. United States, 8 Cir., 157 F.2d 623. Appellant admitted the sale of gasoline to Studley but testified that he received coupons from him at the time. If true, he might have required the government to produce them on the trial. It was not improper to argue that his failure to do so gave rise to an inference that he did not receive the coupons as he claimed to have done. Gargotta v. United States, 8 Cir., 77 F.2d 977. Counsel for the government are not denied the privilege of arguing to the jury all the possible inferences which reasonably flow from the evidence; and while an implied criticism of opposing counsel for failure to produce available evidence, if it exists, may not always be good taste, the implied criticism objected to here is not such a miscarriage of justice as to call for reversal in the absence of an exception or objection at the trial.

■ Fifth. We shall not extend this opinion for the purpose of considering the complaint directed to the instructions to the jury because there was no error resulting or tending to result in a miscarriage of justice, Lotto v. United States, supra, 8 Cir., 157 F.2d at page 630, and because there were neither requests for further instructions nor exceptions to the instructions given. Rule 30 of Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687; F. W. Woolworth Co. v. Carriker, 8 Cir., 107 F.2d 689, 692; United States v. Hossmann, 8 Cir., 84 F.2d 808, 810; Wilson v. United States, 8 Cir., 77 F.2d 236, 238.

Affirmed.