**KRAMER v. UNITED STATES.**

**No. 11438.**

Circuit Court of Appeals, Ninth Circuit.

March 8, 1948.

David C. Marcus, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., and Ernest A. Tolin, William Strong, and Paul Fitting, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

BONE, Circuit Judge.

By an information containing twenty-one counts, appellant, a wholesale dealer in meat, was charged with violations of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. Prior to the filing of this information, appellant voluntarily went to the office of Assistant

United States Attorney, Ernest A. Tolin, with a story that he had paid a sum of money to certain O.P.A. employees to secure protection from technical violations with which they were harassing him. This assistant and the United States Attorney gave appellant the alternative of going on his way or of cooperating with the Government in uncovering any such corruption. He was told that if he cooperated in this matter both the Probation Office and the Court would be advised of the extent of his cooperation. He was advised that it was without the power of the United States Attorney to have anything to do with the penalty in this case. Appellant did cooperate in the O.P.A. investigation and testified before the Grand Jury in that matter.

The information in this case was filed May 28, 1946. On July 5, 1946 appellant filed a demand for a bill of particulars respecting each count of the information and the information sought covered invoices, sales of meat, prices charged which were claimed to be in excess of the lawful maximum price, the maximum permitted price, and other information considered pertinent by appellant. At a hearing on July 8, 1946, on this motion, the Government agreed to furnish three of the four items of information sought and this disposition of the motion was agreeable to appellant. On July 19, 1946, at the request of the Government, and without objection by appellant, the time for filing the bill was extended to August 5, 1946. Arraignment and plea was continued to August 5, 1946.

On July 26, 1946, appellant appeared by counsel and with consent of the court entered a plea of nolo contendere to six counts in the information, and not guilty as to the remaining counts. The cause was then referred to the probation officer of the court for investigation and report. Continuances resulted in the case coming on for imposition of sentence on September 17, 1946 at which time appellant appeared with his counsel and was duly sentenced on

the said six counts and the judgment duly entered.

On September 23, 1946, appellant filed motions of a rather inconsistent character. They were to reconsider and reduce the sentence *and* to withdraw the plea of nolo contendere. These motions were denied on October 2, 1946, and appellant appeals from these orders of denial. See Rules 32(d) and 35, Rules of Criminal Procedure, 18 U.S.C.A. following section 687. The motions do not suggest or charge that appellant was improperly induced to plead guilty.

Before accepting the plea of nolo contendere the court asked counsel for appellant in open court why such a plea should be accepted. Appellant's attorney stated the reason, and advised the court that appellant fully understood that the same sentence could be imposed as if he had pleaded guilty. Appellant then advised the court that he so understood this procedure. The record shows that counsel for appellant had previously advised appellant that the United States Attorney could not bind the court and that appellant could be sentenced to jail even if he were promised otherwise by any one.

At the time appellant entered the nolo contendere plea, the court was advised by Government counsel that appellant had cooperated with the Government on the O.P.A. investigation into charges of corruption—this because counsel for the Government had previously advised appellant that the court would be so informed. This information was also given to the court at the time sentence was imposed.[1]

As indicated, appellant's plea was entered July 26, 1946 and sentence was imposed on September 17, 1946. During the interval between these dates, no steps were taken by appellant to withdraw his plea, or to obtain a bill of particulars. Six days after imposition of sentence, appellant filed the motions referred to, and the court thereupon held hearings for two days on the motions at which time testimony was

---

[1] When contention was later made that appellant was misled by certain assurances given to him that he might escape a jail sentence, the court made plain to appellant's counsel in open court that, if made, such statements were not binding on the court. Counsel for appellant agreed.

taken in open court respecting all of the issues raised by the motions. Witnesses included counsel for appellant and the Government, appellant himself, two purchasers of meat from appellant, and a representative of the O.P.A. The two witnesses who had purchased meat at claimed over-ceiling prices, testified that they had bought meat from appellant in the usual way, and then in addition made side-payments called "overage" in cash to appellant in his office, no receipts being given for these side-payments which amounted to three and eight cents per pound.

■■■ Appellant complains that he was prejudiced because the court refused to grant him time to file a petition for a writ of coram nobis and gather evidence in support thereof. However, the two day hearing was given over to a thorough exploration of the contentions raised by appellant's motions. We agree with appellee that the very question that would or could have been raised by such a writ (without assuming that such a writ would be available under modern Federal practice) was adequately raised and heard under the motions to vacate the plea and reduce the sentence. This was conceded by counsel for appellant who stated to the court that he did not wish to argue the motion to withdraw the plea *"because I would be duplicating my efforts and my argument* in connection with the motion of coram nobis that I intend to file in this case." (Emphasis added.) When asked at the hearing whose affidavits he desired to present, counsel for appellant mentioned only appellant's. The court then ordered appellant sworn and took his testimony. The only papers specified at the hearing were the invoices and these were tendered at the hearing and made exhibits. We are satisfied from the record that the court fairly and thoroughly explored the basis and area of appellant's complaints and arrived at a correct decision in later denying appellants' motions. The record and appellant's brief do not specify any other witnesses he could or would have called in support of his motions. Action of the court upon an application for a continuance is at matter of discretion. It was not here abused.[2]

■■ There is not merit in the contention that the sentencing judge should not have heard the motions. No objection was raised prior to or at the hearing of the motions. To disqualify the judge, timely objection should have been made; if not so made, it is waived.[3]

■■ Appellant complains of the action of the court in admitting the testimony of two witnesses who testified to purchases of meat from appellant at over-the-ceiling prices. It was only after appellant had been asked by his counsel, and permitted to answer, that he had not charged over-the-ceiling prices for meat, that these witnesses were permitted to testify. The record establishes that the district judge was unwilling to allow any suggestion of unfairness to remain in the case in respect to the issue as to whether the nolo contendere plea was understandingly and voluntarily made. His efforts to remove doubt were commendable and proper. See Kercheval v. United States, 274 U.S. 220, 223, 224, 47 S.Ct. 244, 71 L.Ed. 1009.

■■ Had some fraud been perpetrated on appellant it would have been proper to permit the withdrawal of a plea, even if he might have been found guilty. See Bergen v. United States, 8 Cir., 145 F.2d 181, 187. But here the court found that appellant had not been the victim of such an abuse. The evidence and testimony covered all relevant phases of the case and we think that

[2] Isaacs v. United States, 159 U.S. 487, 489, 16 S.Ct. 51, 40 L.Ed. 229; Avery v. Alabama, 308 U.S. 444, 446, 60 S. Ct. 321, 84 L.Ed. 377; Brady v. United States, 9 Cir., 26 F.2d 400, 403, certiorari denied 278 U.S. 621, 49 S.Ct. 24, 73 L.Ed. 542; Crono v. United States, 9 Cir., 59 F.2d 339, 341.

[3] Coltrane v. Templeton, 4 Cir., 106 F. 370, 376, 377; Refior v. Lansing Co., 6 Cir., 124 F.2d 440, 444, 445, certiorari denied 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746; Laughlin v. United States, 80 U.S.App.D.C. 101, 151 F.2d 281, 283, 284, certiorari denied 326 U.S. 777, 66 S.Ct. 265, 90 L.Ed. 470; Chafin v. United States, 4 Cir., 5 F.2d 592, 594, 595, certiorari denied 269 U.S. 552, 46 S.Ct. 18, 70 L.Ed. 407. See also Title 28 U. S.C.A. § 25; Ex parte American Steel Barrel Co., 230 U.S. 35, 44, 33 S.Ct. 1007, 57 L.Ed. 1379.

the record fully justifies the conclusion of the court. All of the charges made by appellant respecting representations to him about a possible sentence, were denied in toto by the Government prosecuting officers named by appellant. If the testimony was conflicting it was for the district court to resolve the conflicts. Rosensweig v. United States, 9 Cir., 144 F.2d 30, 34. See also Ammons v. King, 8 Cir., 136 F.2d 318.

 Appellant here contends that the information does not state a public offense. The language of the information brought it within the rule announced by this court in Taylor v. United States, 9 Cir., 142 F.2d 808, 814, certiorari denied 323 U.S. 723, 65 S.Ct. 56, 89 L.Ed. 581. It meets the test suggested in Hagner v. United States, 285 U.S. 427, 431, 434, 52 S.Ct. 417, 76 L.Ed. 861. An indictment need not allege what the ceiling price was; a mere allegation that the sales price was over the ceiling price is enough. United States v. Fried, 2 Cir., 149 F.2d 1011, 1012, certiorari denied 326 U.S. 756, 66 S.Ct. 97, 90 L.Ed. 454; Morgan v. United States, 149 F.2d 185, 187, certiorari denied 326 U.S. 731, 66 S.Ct. 39, 90 L.Ed. 435. It is not necessary to incorporate into an indictment the provisions of the regulations. Kempe v. United States, 8 Cir., 151 F.2d 680, 684, 8 Cir., 160 F.2d 406, 408, certiorari denied 331 U.S. 843, 67 S.Ct. 1534; Newman v. United States, 9 Cir., 156 F.2d 8, certiorari denied, Cain v. United States, 329 U.S. 760, 67 S.Ct. 115.

Appellant never questioned the sufficiency of the information until September 23, 1946, after he had received a heavier sentence than he liked. The record does not disclose an attack on the sufficiency of the information prior to that time and the court commented directly on this fact. In any event where an indictment was attacked for the first time by a motion to vacate judgment, the indictment should be sustained if the necessary facts could be drawn by reasonable inference from its allegations. See Johnston v. United States, 9 Cir., 145 F.2d 137, 138. For the purposes of any possible subsequent plea of former jeopardy, appellant could supplement such a plea with oral testimony, if necessary.

Gora v. Hawaii, 9 Cir., 152 F.2d 933, certiorari denied 328 U.S. 862, 66 S.Ct. 1362, 90 L.Ed. 1632.

We are of the view that appellant waived his demand for a bill of particulars by his voluntary nolo contendere plea made several days before the bill was due. He does not complain that it was not filed on August 5th. The court followed an acceptable procedure in taking evidence on the motions of appellant. See Fogus v. United States, 4 Cir., 34 F.2d 97, 98; United States v. Weese, 2 Cir., 145 F.2d 135; Murrey v. United States, 8 Cir., 138 F.2d 94, 98, 99. In imposing sentence the court had before it a record of previous convictions of appellant for the same type of offenses.

From the entire record we are persuaded that the judgment and sentence below should not be disturbed.

Affirmed.