51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael ORTIZ-CABALLERO, Defendant-Appellant.
 No. 94-10211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1995.*
Decided March 27, 1995.
 
 1
 Before: SNEED and O'SCANNLAIN, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Rafael Ortiz-Caballero appeals his conviction and 34-month sentence following an Alford plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1).[1] He contends the district court erred by declining to dismiss the indictment for pre-indictment delay, to permit withdrawal of Ortiz-Caballero's Alford plea, and to hold an evidentiary hearing on sentencing issues. He also contends he was denied effective assistance of counsel because his counsel delayed in moving to withdraw the Alford plea. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the conviction and sentence.
 
 I.
 BACKGROUND
 
 4
 In April 1993, a federal grand jury indicted Rafael Ortiz-Caballero and Jesus Alcarez-Lopez for conspiracy to distribute cocaine, possession with intent to distribute cocaine, and distribution or aiding and abetting the distribution of cocaine. The charged offenses all occurred on January 15, 1991. On that date, a kilogram of cocaine was sold to an undercover DEA agent by Rafael's older brother, Ernesto Ortiz-Caballero. According to the investigative report, Alcarez-Lopez supplied the cocaine and Rafael Ortiz-Caballero, who was present during the transaction, participated by providing the agent with a sample. Ernesto Ortiz-Caballero was not indicted because he was shot and killed on March 6, 1993, about seven weeks before the case was presented to the grand jury.
 
 
 5
 Rafael Ortiz-Caballero was arrested on May 6, 1993, and pleaded not guilty. His codefendant Alcaraz-Lopez became a fugitive. Ortiz-Caballero filed a motion to dismiss the indictment for pre-indictment delay, which the district court denied on November 8, 1993. He then entered into a plea agreement in which he agreed to plead guilty to the possession charge, on condition that the conspiracy and distribution counts be dismissed and the sentence not exceed 42 months. Pursuant to this agreement, on November 16, 1993, he entered an Alford plea to the possession charge. A presentence report (PSR) was prepared and was disclosed to him on January 11, 1994.
 
 
 6
 On March 7, 1994, Ortiz-Caballero moved to withdraw his Alford plea on the ground that he had been able to verify his whereabouts on the day of the crime. The district court denied the motion. Ortiz-Caballero requested reconsideration of the order denying permission to withdraw the Alford plea. At the same time, he requested an evidentiary hearing to determine the whereabouts of the confidential informant who had observed the cocaine transaction and who had provided some of the information reported in the PSR. The district court denied both requests and imposed a sentence of 34 months.
 
 II.
 PRE-INDICTMENT DELAY
 
 7
 Ortiz-Caballero contends that the 28-month pre-indictment delay that occurred in this case violated his due process rights. He argues that the delay prejudiced his defense because he lost two potential exculpatory witnesses, his brother Ernesto and his codefendant Alcarez-Lopez, who would have testified that Rafael was not involved in the January 15, 1991 cocaine sale.
 
 
 8
 The government argues that Ortiz-Caballero waived this claim by pleading nolo contendere. We agree.
 
 
 9
 A guilty plea generally waives any nonjurisdictional claims of deprivation of constitutional rights that may have occurred prior to entry of the guilty plea, United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992), including claims of pre-indictment delay, United States v. O'Donnell, 539 F.2d 1233, 1236-37 (9th Cir.), cert. denied, 429 U.S. 960 (1976). To preserve such an issue for appeal, a defendant must expressly reserve the right to appeal the issue in question. United States v. Arzate-Nunez, 18 F.3d 730, 737 (9th Cir.1994); see Fed.R.Crim.P. 11(a)(2) (defendant may enter a conditional plea of guilty or nolo contendere reserving the right to appeal any specified pretrial motion).
 
 
 10
 In this case a nolo contendere plea has the effect of a guilty plea. North Carolina v. Alford, 400 U.S. 25, 35 (1970) (a nolo contendere plea is "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty"). Thus, a defendant entering an Alford plea must also expressly reserve the right to appeal defenses raised prior to entry of the plea to avoid waiving them. See Fed.R.Crim.P. 11(a)(2); Kramer v. United States, 166 F.2d 515, 519 (9th Cir.1948) (demand for bill of particulars waived by plea of nolo contendere).
 
 
 11
 Ortiz-Caballero did not reserve the right to appeal the issue of pre-indictment delay. In his plea agreement, he expressly agreed to waive "any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the indictment...." He does not challenge the voluntariness of his plea or the adequacy of the plea proceedings pursuant to Fed.R.Crim.P. 11. The 34-month sentence imposed was consistent with the plea agreement. By entering a valid Alford plea, Ortiz-Caballero waived his claim of pre-indictment delay. See Arzate-Nunez, 18 F.3d at 737; Cortez, 973 F.2d at 767; Kramer, 166 F.2d at 519.[2]
 
 III.
 MOTION TO WITHDRAW ALFORD PLEA
 
 12
 Ortiz-Caballero, as he must, contends the district court erred by denying his motion to withdraw his Alford plea. We review the court's ruling for abuse of discretion. See United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990). The district court may permit withdrawal of a plea of guilty or nolo contendere before sentencing "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). If the defendant meets this burden, the district court should consider whether the government has suffered substantial prejudice. Garcia, 909 F.2d at 1348; United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 13
 Four months after entering his nolo contendere plea, and before sentencing but after the PSR had been disclosed, Ortiz-Caballero moved to withdraw his plea. The ground for his motion was that he had "been able to verify that he was working for Angel Armenta, a landscaping contractor on the day [of the crime]." The district court denied the motion based on the government's showing that it had suffered prejudice because its key witness, the confidential informant in the case, could no longer be located.
 
 
 14
 The government, however, has now informed us that the confidential informant was located after this appeal was taken. Nevertheless, at the time the district court ruled on the motion, the unavailability of this witness was prejudicial to the government. Accordingly, the court did not abuse its discretion by denying the motion. See Rios-Ortiz, 830 F.2d at 1069.
 
 
 15
 Moreover, Ortiz-Caballero failed to demonstrate a fair and just reason to permit withdrawal of his plea. See United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985) (government not required to show prejudice when defendant has not shown sufficient grounds for withdrawal); cert. denied, 479 U.S. 835 (1986). Ortiz-Caballero's assertion that he has information that might support an alibi defense does not undermine the voluntariness of his plea or the adequacy of his Fed.R.Crim.P. 11 plea hearing. Nor does he challenge these features of his plea. See Rios-Ortiz, 830 F.2d at 1069. Thus, his assertion that he did not find out until after he had entered his Alford plea who he was working for on the date of the offense is insufficient to meet his burden of demonstrating a fair and just reason to withdraw his plea. See Garcia, 909 F2d at 1348-49.
 
 IV.
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 16
 For the first time on appeal, Ortiz-Caballero contends that he was denied effective assistance of counsel because his trial counsel delayed over three months before filing a motion to withdraw the Alford plea. We decline to address this claim on direct appeal.
 
 
 17
 Ineffective assistance claims are ordinarily reviewed only in collateral proceedings because usually they cannot be resolved without the development of facts outside the record. United States v. Sitton, 968 F.2d 947, 960 (9th Cir.1992), cert. denied, 113 S.Ct. 1306 (1993). Here, the record contains no information about when Ortiz-Caballero informed defense counsel that he wished to withdraw his plea. Because resolution of the ineffective assistance claim requires further development of the record, we decline to address it on direct appeal. See Sitton, 968 F.2d at 960.
 
 V.
 EVIDENTIARY HEARING
 
 18
 Lastly, Ortiz-Caballero contends the district court erred by declining to hold an evidentiary hearing to determine the whereabouts of the confidential informant and the reliability of the information he provided, some of which was summarized in the PSR. This claim lacks merit.
 
 
 19
 It is within the district court's discretion to decide whether to hold an evidentiary hearing to resolve alleged inaccuracies in the PSR, and we review such a decision for abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1148 (1988), cert. denied, 488 U.S. 1040 (1989); see Fed.R.Crim.P. 32(c)(3)(A). Reliance on the PSR does not violate a defendant's due process rights unless the PSR contains materially false or unreliable information and that information was demonstrably made the basis for the sentence. United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989).
 
 
 20
 Here, there were no unresolved issues to resolve in an evidentiary hearing. Some of Ortiz-Caballero's specific objections to the PSR were resolved by agreement prior to sentencing and other disputed information was not relied on for sentencing. The government agreed with Ortiz-Caballero that relevant conduct described in the PSR should not be taken into account, and the district court did not do so. The government also agreed to a reduction for minor participation, which the court granted. The court thus did not rely on any disputed information in making those determinations. Consistent with those two rulings, the court recalculated the sentencing range and determined that it was 63 to 78 months rather than the 97 to 121 months range calculated by the probation officer in the PSR. The court then granted a substantial downward departure to 34 months, a sentence within the range contemplated by the plea agreement.
 
 
 21
 In his request for an evidentiary hearing, Ortiz-Caballero argued that it had not been proved by reliable evidence that he had participated in the sale of a kilogram of cocaine on January 15, 1991. The Alford plea resolved the issue of Ortiz-Caballero's participation in the offense. See Alford, 400 U.S. at 35. Ortiz-Caballero did not claim that the amount of cocaine involved in the offense was inaccurately reported in the PSR. Because his participation in the offense of conviction was resolved by his plea, and no relevant conduct was considered in determining his sentence, there were no issues left to resolve in an evidentiary hearing. Accordingly, the district court did not abuse its discretion by denying it. See Monaco, 852 F.2d at 1148.
 
 
 22
 The conviction and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Robert R. Merhige, District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 North Carolina v. Alford, 400 U.S. 25, 37-39 (1970) (defendant may plead guilty without admitting commission of crime)
 
 
 [2]
 Moreover, the district court did not clearly err by ruling that Ortiz-Caballero had failed to show that the pre-indictment delay caused actual prejudice to his defense. The record contains no non-speculative evidence supporting the assertion that Ernesto or Alvaraz-Lopez would have testified at Rafael's trial and would have exculpated him. See United States v. Huntley, 976 F.2d 1287, 1290-91 (9th Cir.1992) (to establish actual prejudice due to lost witnesses, the defendant must demonstrate by definite and non-speculative evidence how the loss of a witness is prejudicial to his defense); United States v. Horowitz, 765 F.2d 1400, 1405 (9th Cir.) (mere assertions that testimony of missing witnesses might have been useful is insufficient to prove actual prejudice); cert. denied, 474 U.S. 822 (1985)