**UNITED STATES of America,**
**Appellee,**

v.

**Abraham SCHOENFELD,**
**Defendant–Appellant.**

**No. 02–1619.**

United States Court of Appeals,
Second Circuit.

Oct. 22, 2003.

Jonathan C. Scott, Scott & Scott, LLP, Smithtown, NY, for Appellant.

Miriam Rocah, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney for the Southern District of New York, David Raskin, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

*SUMMARY ORDER*

Defendant Abraham Schoenfeld ("Schoenfeld") appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Kaplan, *J.*) and seeks review of a ruling denying his motion for a bill of particulars. After the district court denied Schoenfeld's motion for a bill of particulars, Schoenfeld pled guilty to mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1346, and 18 U.S.C. §§ 1343, 1346, respectively. Thereafter, he was sentenced to 30 months' imprisonment, three years of supervised release, a $200 assessment, and $1,636,486.76 in restitution.

We review a district court's denial of a motion to compel a bill of particulars for abuse of discretion. *United States v. Barnes,* 158 F.3d 662, 665–66 (2d Cir.1998). The government, however, argues that we need not reach the merits of Schoenfeld's appeal as Schoenfeld waived any right to challenge the district court's ruling on the bill of particulars issue by pleading guilty. We agree.

"It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction." *Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987) (internal citations omitted); *see also United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, we have held that by entering a guilty plea defendants waive all but those claims going to "the most fundamental premises for the conviction." *United States v. Doyle,* 348 F.2d 715, 719 (2d Cir.1965); *see United States v. Lasaga,* 328 F.3d 61, 63–64 (2d Cir.2003) (finding guilty plea waived challenge to constitutionality of a statute); *United States v. Calderon,* 243 F.3d 587, 590 (2d Cir.2001) (same as to objection to venue); *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989) (same as to claim under Speedy Trial Act); *United States v. Selby,* 476 F.2d 965, 966–67 (2d Cir.1973) (same as to district court's ruling on motion to suppress).

Schoenfeld did not enter a conditional plea, and his challenge to the district court's judgment on the bill of particulars does not go to the court's jurisdiction. *Cf. Kramer v. United States,* 166 F.2d 515, 519 (9th Cir.1948) (finding demand for a bill of particulars waived by defendant's plea of nolo contendere). Furthermore, the record indicates that Schoenfeld's guilty plea was made knowingly, voluntarily, and with the assistance of counsel. We therefore hold that by entering a guilty plea, Schoenfeld waived any challenge to the district court's ruling on his motion to compel a bill of particulars.

Schoenfeld argues that we should not adhere to the general rule that all non-jurisdictional challenges are waived by a guilty plea because of the hardship imposed by the district court's refusal to order a bill of particulars, relying on our decision in *United States v. Brinkworth,* 68 F.3d 633, 638 (2d Cir.1995). In *Brinkworth,* we held that a defendant's failure to enter a conditional plea would not prevent our review of the district court's denial of a motion for recusal, *see* 28 U.S.C. § 455(a), where there were allegations of judicial bias and the district court judge refused the defendant's request to enter a conditional plea, *see* Fed.R.Crim.P. 11(a)(2). Our holding, however, was limited to the unique circumstance where a defendant's request to enter a conditional plea was denied by the very judge whom defendant accused of bias. *Brinkworth,* 68 F.3d at 637–38. Because no such unique circumstances are evident in the instant case, Schoenfeld's reliance on *Brinkworth* is misplaced.

The judgment is AFFIRMED.