## THOMAS v. UNITED STATES.

### No. 14249.

United States Court of Appeals
Eighth Circuit.

April 17, 1951.

Charles C. Allen, III, St. Louis, Mo., appointed by the Court (Lehmann & Allen, St. Louis, Mo., on the brief), for appellant.

William J. Costello, Asst. U. S. Atty., St. Louis, Mo. (Drake Watson, U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court entered October 18, 1950, overruling a motion of the appellant to vacate two sentences of imprisonment which the court imposed on April 16, 1942.

The sentences were based upon the appellant's conviction under two indictments, returned December 17, 1941, and March 13, 1942, charging him with two separate attempts to escape from federal custody. He contends that the indictments were fatally defective and that the court was therefore without jurisdiction to impose the sentences.

The appellant has, apparently, on five previous occasions unsuccessfully attacked the legality of these same sentences. He asserts, however, that his previous motions and petitions were not based upon the same grounds as his present motion. For the purposes of this appeal, we shall assume, without deciding, that the challenged sentences still lack complete finality after having survived repeated attacks for more than eight years.

The appellant has adopted the statement of facts which appears in the appellee's brief. The statement reads as follows:

"On October 25, 1941, a complaint was filed before the United States Commissioner for the Eastern District of Missouri, charging the Appellant with violation of the Dyer Act [now 18 U.S.C.A. §§ 2311–2313], upon which complaint the Commissioner duly issued his warrant of arrest, which warrant was served by the Deputy United States Marshal for the Eastern District of Missouri by arresting the Appellant under said warrant, following which, upon default of bail, the Commissioner on the same day issued his final mittimus committing the Appellant to the keeper of the Cape Girardeau County Jail. Thereafter, on November 10, 1941, the Grand Jury returned an indictment against Appellant in said cause (District Court Docket No. 2209).

"While Appellant was committed to the Cape Girardeau County Jail under the aforementioned warrant and commitment, he attempted to escape from Custody on November 21, 1941, for which offense the Grand Jury returned an indictment on December 17, 1941, under Docket No. 2219. Then again on January 8, 1942, Appellant made a second attempt to escape from said custody, for which the Grand Jury returned another indictment on March 13, 1942, under Docket No. 2238.

"Following the return of each of the three indictments above enumerated, the cases came on for hearing before the Honorable George H. Moore at the regular April, 1942, term of the District Court for the Southeastern Division at Cape Girardeau, Missouri, at which term the Appellant, being represented by counsel designated by the Court, entered his plea of guilty to the Dyer Act indictment, and on April 16, 1942, the Court imposed a sentence of four years. Under each of the attempted escape indictments, which were consolidated for trial, the Appellant was found guilty by a jury, upon which verdicts the Court imposed a sentence of five years for each attempted escape, the terms to run consecutively with each other and consecutively with the sentence of four years imposed for the Dyer Act violation."

The indictments charging attempts to escape were based on Section 753h of Title 18 U.S.C. [1948 Revised Criminal Code, 18 U.S.C.A. § 751], as it existed when the indictments were returned. That section made it an offense for any person in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, to escape or attempt to escape from such custody. Each of the indictments under attack alleged that the appellant, while held in federal custody in the jail of Cape Girardeau County, Missouri, "did wilfully, unlawfully, knowingly and feloniously attempt to escape from the custody of the * * * United States Marshal and from the custody of the keeper of the said Cape Girardeau County Jail * * *." While each of the indictments conforms to the language of the applicable statute, it is contended that, where an attempt to escape is charged, such an indictment is void unless the acts constituting the attempt are specified.

The precise question before us is not whether these indictments could have been successfully challenged at or before trial, but whether, after trial, conviction and sentence, they must be held to be so defective as to require the vacation of the sentences imposed upon the appellant.

Counsel appointed by this Court, who has ably represented the appellant, calls

our attention to two federal cases which hold that an indictment charging an attempt in the language of a penal statute, without specifying the facts which constitute the alleged attempt, is a defective indictment. In 1875, in the case of United States v. Ulrici, 28 Fed.Cas. pp. 328, 330, No. 16,594, Mr. Justice Miller, sitting on the Circuit Court for the Eastern District of Missouri, sustained a demurrer to a count of an indictment charging an "attempt to defraud the United States of the taxes imposed by law." He said: "I think the defendant in this cause is entitled to have it shown what he did, or how he attempted to defraud. When you say he attempted to defraud the government, I think it is your duty to specify some acts which constitute the attempt. We therefore hold the third count to be bad."

The United States District Court for the Western District of North Carolina, in 1888, in the case of United States v. Ford, 34 F. 26, ruled that an indictment which charged in the exact words of a statute that the defendant "did forcibly attempt to rescue" property seized by a revenue collector, was fatally defective in failing to state what acts were done by the defendant constituting the attempt charged. The court said, page 30 of 34 F.: "The evidence on the trial of this case was amply sufficient to warrant the verdict of the jury; but as the averments in the indictment are not made with the certainty required by well-settled rules of law the judgment must be arrested."

The two cases above referred to appear to be the only federal cases which sustain the appellant's position. It is to be noted that in the Ulrici case the indictment was challenged by demurrer and not after verdict. The Ford case alone supports the contention that, after conviction, indictments such as those involved in the instant case will not sustain the sentences imposed.

We think that the applicable law is not what is was held to be in the Ford case. We must assume that the guilt of the appellant, here, of the offenses charged in the indictments was conclusively established. United States v. Bent, 8 Cir., 175 F.2d 397, 400. In this connection, it is interesting to note that the appellant in a previous motion, made in 1947, for the vacation of these sentences, stated: "Defendant made one continuous effort to escape from jail and from custody of the U. S. Marshal for which he was charged in case No. 2219 for the violation on November 21, 1941, and in case No. 2238 for the violation on January 8, 1942."

There is no basis for assuming or suspecting that the appellant was surprised, misled or prejudiced by the form in which the indictments were drawn, or that he needed additional information in order to prepare for trial or to prevent his being again prosecuted for the same offenses. When a defendant is in doubt as to the particular acts which it is claimed constitute the offense charged in general language in an indictment, he should apply for a bill of particulars. Rosen v. United States, 161 U.S. 29, 35, 16 S.Ct. 434, 480, 40 L.Ed. 606. Salerno v. United States, 8 Cir., 61 F.2d 419, 421, and cases cited.

With the means afforded a defendant for procuring such information as he may need in order to meet a charge stated in an indictment in the language of a penal statute, there is, we think, no justification for ruling that a failure to particularize the charge will defeat jurisdiction. The opinion of this Court in the case of United States v. Bent, 8 Cir., 175 F.2d 397, 400–402, certiorari denied 338 U.S. 829, 70 S.Ct. 79, rehearing denied 338 U.S. 896, 70 S.Ct. 238, adequately states our views as to the law relative to the setting aside of sentences, after judgment, because of nonprejudicial defects in indictments. In that case, which involved an indictment which was concededly defective, we said, pages 401–402 of 175 F.2d; "There is, we think, no logic or justification in punishing poor, but nonprejudicial, criminal pleading by releasing a guilty defendant."

Our conclusion is that the District Court had jurisdiction to impose the sentences which the appellant challenges, and that the sentences are valid, conclusive, and no longer subject to attack.

The order appealed from is affirmed.