Louis SHOULDERS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15080.

United States Court of Appeals,
Eighth Circuit.

Jan. 21, 1955.

See also Dolan v. United States, 218 F.2d 454.

arrested Carl Austin Hall, the kidnaper and murderer of Robert Cosgrove Greenlease, Jr., and brought Hall and his two large metal suitcases containing currency by automobile to the Eleventh District Police Station in St. Louis.

Shoulders and Dolan were both called as witnesses before the federal Grand Jury for the Western District of Missouri in connection with the investigation by that body of the kidnaping and the disposition of the ransom money. Shoulders was interrogated under oath on October 28, 1953, as to when, how and under what circumstances the suitcases containing the currency taken from Hall at the time of his arrest were brought into the Police Station. Dolan was questioned upon the same subjects on October 30, 1953. Dolan was indicted for perjury, under § 1621, Title 18, U.S.C., on December 18, 1953. Shoulders was indicted for perjury on December 29, 1953.

Dolan was tried first, found guilty by a jury on March 31, 1954, and sentenced. The trial of Shoulders to a jury resulted in his conviction on April 15, 1954. He was sentenced May 21, 1954, after his motion for a judgment of acquittal or for a new trial had been denied. Both Dolan and Shoulders appealed from the judgments against them. Each questioned the sufficiency of the evidentiary basis for the verdict and judgment and the fairness of his trial. The appeals were argued and submitted separately, but upon the same day. We have today affirmed the judgment against Dolan. Dolan v. United States, 8 Cir., 218 F.2d 454.

While the testimony of Dolan and Shoulders as to the time when and the circumstances under which the suitcases containing the currency were brought into the Eleventh District Police Station differed in some respects, it is obvious that if, as we have held, the evidence of the Government was sufficient in Dolan's case to make the question of his guilt one of fact for the jury, the Government's substantially similar evidence in the instant case made the question of the guilt of Shoulders also a jury issue.

Henry G. Morris, St. Louis, Mo. (James C. Porter, St. Louis, Mo., on the brief), for appellant.

Kenneth C. West, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, Louis Shoulders, is the police lieutenant of the City of St. Louis, Missouri, who with police officer Elmer Dolan on the evening of October 6, 1953,

■ We hold that the District Court did not err in refusing to direct a verdict of acquittal.

In considering whether any errors occurred during the trial which made it unfair, it is to be remembered that Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

The appellant asserts that the court erred in instructing the jury as follows:

"Now, the sum and substance of the defendant's testimony given before the grand jury which is charged as being perjurious is that the defendant testified that while the prisoner, Hall, was in his custody after being taken into the 11th District police station, and during the time when Hall was at the booking desk, Officer Dolan took one of the suitcases mentioned in the evidence as containing ransom money into the police station. He further testified that after Hall was booked and placed in the cell he, the defendant, Shoulders, went back outside the station and got another suitcase and took it back to his office, that when he got in his office he opened both of the suitcases and there was 'nothing else but money' in each of them; that after he examined the two suitcases and the ransom money therein he put them in the locker under the steps in his office before he and Officer Dolan thereafter left the police station to go to the defendant's home. That is the sum and substance of the testimony given by him before the grand jury."

This instruction is said to be erroneous because the appellant's testimony before the Grand Jury was, "I took him [Hall] over to the desk and booked him, and in the meantime I *think* Elmer [Dolan] had took one of them suitcases and went right straight on back to my office, which is quite a distance back from the booking, and he stuck it over in my office";

and because the appellant at no time referred to the money in the suitcases as ransom money. Obviously the money Hall had in his possession was ransom money, regardless of what it was called. Obviously also, what the appellant meant to convey to the Grand Jury was that Dolan had "stuck" one of the suitcases in the appellant's office while the appellant was attending to the booking of Hall and before the appellant carried in the second suitcase. We think there was nothing unfair in the court's statement of the substance of the appellant's testimony before the Grand Jury. No rule of law compels a court to ignore the obvious.

■ It is contended that the court erred in instructing the jury, in effect, that if it appears from the entire testimony of a witness who says "I think" or "I believe" that he means to give his best recollection of a fact observed by him, his testimony may be regarded as an affirmation of the fact. It is also contended that the court should not in its instructions have defined the words "in the meantime." We find nothing objectionable or unfair in the instructions complained of.

■ The appellant asserts that another instruction was erroneous because in it the court referred to "suitcases containing ransom money." There is no possibility that the jury could have been misled or the appellant prejudiced by the reference to the money in Hall's suitcases as ransom money.

■ Another instruction complained of is as follows:

"The defendant on trial in a criminal case cannot be required to take the witness stand and be compelled to give testimony against himself."

To this the court in its instruction added:

"Whether a defendant does so is wholly optional with him. In this case the defendant has elected to take the witness stand and testify the same as any other witness.

Therefore, you should consider and weigh the testimony of the defendant in the same manner as you do that of any other witness, but as to his testimony you have the right to consider that he is the defendant in this case and a person directly interested in the result of the charge. You can also consider whether his testimony in this case is in conflict with his testimony before the grand jury, in determining the falsity or truth thereof."

The appellant says that the court, in effect, gave the jury to understand that he had taken the stand to testify against himself and that his testimony tended to prove his guilt. This is placing a strained, irrational construction upon the language complained of, which reasonably could be understood to mean nothing more than that, while the defendant was not compelled to take the witness stand, he had elected to do so, and, having done so, his credibility and the weight of his evidence was to be judged by the same standards as applied to other witnesses. While what the District Court intended to convey by this instruction might perhaps have been more precisely expressed, the instruction was not prejudicially erroneous.

The contention that the court erred in instructing the jury that as a matter of law the testimony of the appellant charged in the indictment to be false was material, is without merit. A similar contention was rejected by this Court in the Dolan case.

The charge of the court to the jury was, in our opinion, fair, accurate and impartial.

The assertion that the indictment was defective is overruled on the authority of Hewitt v. United States, 8 Cir., 110 F.2d 1, 6; United States v. Bent, 8 Cir., 175 F.2d 397, 400–402.

The metal suitcases introduced in evidence by the Government were not inadmissible, as the appellant contends. The same contention was made in the Dolan case and overruled.

We are satisfied that the appellant had a fair trial; that, under the evidence and the applicable law, the question of his guilt or innocence was a question of fact for the jury; and that its verdict may not be set aside.

The judgment appealed from is affirmed.