Joseph F. BENT, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16999.

United States Court of Appeals
Eighth Circuit.

Oct. 19, 1962.

Joseph F. Bent, Jr., pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Clifford M. Spottsville, Asst. U. S. Atty., for appellee.

Before VOGEL and VAN OOSTERHOUT, Circuit Judges, and VAN PELT, District Judge.

PER CURIAM.

This is an appeal by Joseph F. Bent, Jr., from order entered January 19, 1962, denying without hearing evidence his 28 U.S.C.A. § 2255 motion, filed December 7, 1961, to vacate a sentence he is serving on Count II of an indictment charging that Bent, while robbing the custodian of a Kansas City Post Office substation of money belonging to the United States, put the life of such custodian in jeopardy by using a dangerous weapon, all in violation of 18 U.S.C.A. § 320, now 18 U.S.C.A. § 2114.

Bent in his present motion asserts that Count II of the indictment is fatally defective in that it failed to provide him with information essential to the preparation of his defense and that he suffered prejudice by reason thereof.

Bent, by a prior motion, challenged the sufficiency of Count II of the indictment. Upon appeal, we held the indictment was sufficient to support the conviction on Count II. United States v. Bent, 8 Cir., 175 F.2d 397.

The indictment, the attack upon it, a summary of the proceedings leading to

the conviction and sentence, and the basis for rejecting the attack upon the indictment are all adequately set out in our prior opinion just referred to.

We agree with the trial court's finding in the present case, reading:

"Although the defendant now attacks the jurisdiction of the court under Count II of the indictment in different language, it is the identical question that was passed on by the Court of Appeals".

The sole error urged upon this appeal is thus stated:

"The Court below erred by overruling and denying appellant's Motion to Vacate and Set Aside Judgment of Conviction and Sentence, Criminal Case No. 16,463, solely and exclusively on the ground of Res Adjudicata."

■ The short answer to the asserted error is that the court did not deny the motion solely upon the basis of res adjudicata. We agree that the strict doctrine of res adjudicata does not apply to § 2255 motions. We so held in Lipscomb v. United States, 8 Cir., 298 F.2d 9. However, a court is not compelled to grant a full scale hearing upon issues already fairly adjudicated, particularly where, as here, no new factual or legal basis is asserted for relief. Under the express provisions of § 2255, the sentencing court is not required to entertain successive motions for similar relief. We are convinced that the records and files in this case conclusively show Bent is not entitled to the relief sought, and hence the trial court did not abuse its discretion in denying relief without hearing evidence.

■ An additional basis exists which compels affirmance. A § 2255 motion is a collateral attack upon the judgment of conviction. We have consistently held, absent extremely unusual circumstances, that the sufficiency of an indictment is not subject to collateral attack upon motion to vacate sentence. Roth v. United States, 8 Cir., 295 F.2d 364, 365–366; Harris v. United States, 8 Cir., 288 F.2d

790, 792–94; Alm v. United States, 8 Cir., 238 F.2d 604, 605; Keto v. United States, 8 Cir., 189 F.2d 247, 249.

■ Ordinarily the sufficiency of an indictment can be attacked only in the original proceeding resulting in the conviction or upon a direct appeal from such conviction. These rules have special applicability here, where the same basic attack upon the indictment has been fully considered and finally adjudicated.

Affirmed.