Glendel D. WHEELER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17111.

United States Court of Appeals
Eighth Circuit.

May 21, 1963.

Charles M. Shaw, Clayton, Mo., for appellant.

Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., and Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., on the brief, for appellee.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

STEPHENSON, District Judge.

On the afternoon of December 13, 1961, the Farmers Bank of Emden, Emden, Missouri was robbed of $5,479.00 by a man with a gun. The deposits of this bank were insured by the Federal Deposit Insurance Corporation. By an indictment the United States charged appellant, Glendel D. Wheeler, and Gerald Pettit with having committed this robbery in violation of 18 U.S.C. § 2113(a) and (d). A verdict of guilty was rendered by a jury as to the appellant. His co-defendant, Gerald Pettit, was acquitted. The appellant was then sentenced to serve a term of eighteen years.

The alleged errors upon which the appellant relies for a reversal relate to the indictment and to the sufficiency of the evidence to prove that a person's life was put in jeopardy. No claim is made that the sufficiency of the evidence as a whole would not sustain a conviction of bank robbery under Section 2113(a). Nor could such a claim have been seriously urged in view of the overwhelming evidence against the appellant.

The appellant alleges that the indictment is defective in three particu-

lars.[1] First, it is claimed that the indictment is defective in that it fails to allege that the dangerous weapon was used in effecting the robbery. In support thereof the appellant cites the cases of United States v. Bent, 8 Cir., 1949, 175 F.2d 397, certiorari denied, 338 U.S. 829, 70 S.Ct. 79, 94 L.Ed. 504 and Hewitt v. United States, 8 Cir., 1940, 110 F.2d 1, certiorari denied, 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409. In the Bent case this Court said that one count of an indictment standing alone was defective in failing to allege that the defendants were "effecting or attempting to effect such robbery" at the time the life of the custodian was put in jeopardy.[2] This Court went on to hold that this count was not defective when read as a part of the entire indictment. It was there stated:

> "The defendants could have been under no misapprehension about the fact that the government was charging them with the robbery and with having jeopardized the life of the custodian by the use of a dangerous weapon in committing it. There is no suggestion made that the defendants were in any way actually misled or prejudiced by the defect in the second count." [3]

In the case presently before us, not only can it be said that the appellant has made no claim that he was misled or prejudiced, but also the indictment states "that in committing the above offense, they, the said defendants, did put in jeopardy the life of said Mrs. Hazel Pollard by use of a dangerous weapon and device." This indictment clearly includes the information which was not contained in Count II of the Bent indictment which made it objectionable standing alone. The indictment is in but one count and clearly states that the life of the bank employee was put in jeopardy when the offense of robbery was being committed.

The Hewitt case stands for the proposition that an indictment must be judged by practical and not by technical considerations. The case holds: "An indictment which fairly informs the accused of the charge which he is required to meet and which is sufficiently specific to avoid the danger of his again being prosecuted for the same offense should be held good." [4]

And quoting from Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, the Court said:

> "The rigor of old common-law rules of criminal pleading has yielded, in modern practice to the general

1. The indictment reads as follows:
   "The Grand Jury charges:
   That on or about the 13th day of December, 1961, in the City of Emden, in the State of Missouri, within the Northern Division of the Eastern District of Missouri,

   GLENDEL D. WHEELER
   and
   GERALD PETTIT,

   the defendants, knowingly, wilfully, unlawfully and feloniously by force and violence and by intimidation took from the presence of another, to wit, Mrs. Hazel Pollard, employee of the Farmers Bank of Emden, Emden, Missouri, certain money to wit, the sum of $5,479.00, more or less, of lawful money of the United States belonging to and in the care, custody, control, management and possession of the said Farmers Bank of Emden, a banking institution organized according to law, the deposits of which are insured by Federal Deposit Insurance Corpora-

tion, under certificate number 241440; that in committing the above offense, they, the said defendants, did put in jeopardy the life of said Mrs. Hazel Pollard by use of a dangerous weapon and device.
   In violation of Section 2113(a) and (d), Title 18, United States Code."

2. The part of the Bent indictment in question reads:
   "Count II.
   "The grand jury further charges:
   "That on or about the 2nd day of January, 1946, at Kansas City, Missouri, Joseph F. Bent and William Amos Jones did, by the use of a dangerous weapon, put in jeopardy the life of Luther H. Kieffer, clerk in charge of Contract Station No. 44 of Kansas City, Missouri Post Office, located at 5744 Prospect; * * *." 175 F.2d at 398.

3. 175 F.2d at 400-401. See also Thomas v. United States, 8 Cir., 1951, 188 F.2d 6.

4. 110 F.2d at 6.

principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' " [5]

The appellant was fairly informed of the charge against him and the charge is sufficiently specific. The appellant has made no claim that he was misled or prejudiced by this portion of the indictment; nor could such a claim be made in good faith.

■ Secondly, it is claimed that the indictment is defective for the reason that it fails to allege that the weapon was in fact loaded. It is not necessary to allege in the indictment that the dangerous weapon was in fact loaded. United States v. McGann, D.Md.1957, 150 F.Supp. 463, affirmed in Smith v. United States, 4 Cir., 1957, 250 F.2d 37, certiorari denied, 1958, 355 U.S. 965, 78 S.Ct. 555, 2 L.Ed.2d 540.[6]

The indictment is sufficient in that it charges the crime in the language of the statute.

It is true that the indictment could have charged that the weapon was loaded [7] or the indictment could have charged an assault.[8] However, such a charge is not necessary to allege a crime under Section 2113(d).

■ The appellant's third argument is that the indictment is fatally defective in that it fails to allege that an agency of the United States insures said bank and further fails to allege that said bank is either a national bank or organized under the laws of the United States. It is not necessary that a bank be both a national bank and be insured by the Federal Deposit Insurance Corporation to come under the criminal provisions of Section 2113.[9]

In Hewitt v. United States, supra at 5 of 110 F.2d it was said: "The indictment should have alleged in each count that the bank was a State Bank the deposits of which were insured by the Federal Deposit Insurance Corporation of the United States." The indictment in the present case reads in part: "Farmers Bank of Emden, a banking institution organized according to law, the deposits of which are insured by Federal Deposit Insurance Corporation, under Certificate number 241440 * * *."

The use of the words Federal Deposit Insurance Corporation is enough. It is not necessary to add "of the United States." Pyle v. Johnston, 9 Cir., 1943, 137 F.2d 869, certiorari denied, 1943, 320 U.S. 793, 64 S.Ct. 203, 88 L.Ed. 478. See also United States v. Howell, 3 Cir., 1956, 240 F.2d 149.

■ Enough has been said. We need not reiterate that we feel an indictment is sufficient if it fairly apprises the defendant of the charge against him and no actual prejudice has occurred. Hewitt v. United States, supra; Bayless v. United States, 8 Cir., 1945, 147 F.2d 169. The facts here do not bring this case under the rule of Shaw v. United States,

---

5. 110 F.2d at 5–6. See also Smith v. United States, 1959, 360 U.S. 1, 9, 79 S. Ct. 991, 3 L.Ed.2d 1041.

6. See also United States v. Gebhart, D. Nebr., 1950, 90 F.Supp. 509 (Count III charges jeopardy by use of a dangerous weapon); Holbrook v. Hunter, 10 Cir., 1945, 149 F.2d 230; (Count II charges weapons were used; no mention of them being loaded).

7. See Hewitt v. United States, supra at 6, of 110 F.2d; United States v. Tarricone, 2 Cir., 1957, 242 F.2d 555.

8. See United States v. Gebhart, D.Nebr., 1950, 90 F.Supp. 509.

9. See 18 U.S.C. § 2113(f); Way v. United States, 10 Cir., 1959, 268 F.2d 785.

618

8 Cir., 1923, 292 F. 339, wherein this Court held that the complete omission from the indictment of any count which "charges or states or intimates" that the bank was a Federal Reserve Bank or member bank was error.[10]

■ The appellant's final argument is that since there is no evidence to show that the weapon was loaded, there is, therefore, no evidence that a dangerous weapon was used and that a person's life was put in jeopardy. This position is not sustainable. In Wagner v. United States, 9 Cir., 1959, 264 F.2d 524, 530, the Court held that there need not be direct evidence that the gun was loaded as long as there was evidence from which the jury could infer that the gun was loaded. The Court said: "It must be a holdup involving the use of a dangerous weapon actually so used during the robbery that that life of the person being robbed is placed in an objective state of danger." The Court added: "When * * * a robber displays a gun to back up his demands, he wants his victim to believe that it is loaded, and the fact-finder may fairly infer that it was."

One element was present in the Wagner case that does not appear here. That is, there, one of the robbers threatened to shoot the victim. In the present case the testimony was as follows:

"Q. Now, after he said, 'where is the big boy?' Can you tell me what was said between you two, or what happened?

"A. Well, he laid a sack, which was a pillow case, up on the window —I mean on the counter, and says, 'I want some money.' I said, 'What kind of money?' and he said 'This is a robbery.' And I said, 'Well, you are kidding.' And then that is when he pulled the gun, and he said, 'No, I am not kidding you.'

*    *    *    *    *    *

"Q. Now, after Wheeler pulled the gun out, what direction was the gun pointing? Can you tell me?

"A. It was pointed right up in the cage.

*    *    *    *    *    *

"Q. And what did you do then?

"A. Well, that scared me, so he told me not to get scared and I wouldn't get hurt, and to clean the drawer.

*    *    *    *    *    *

"Q. And then what happened or occurred?

"A. He said, 'Don't tell them anything about this until I am gone, because,' he said, 'we have got six men out here watching, and we don't want no one to get shot.'"

This evidence was sufficient to permit the jury to draw the inference that the gun was loaded.

This Circuit has gone a little farther than the permissive inference rule indicated above. In Madigan v. United States, 8 Cir., 1927, 23 F.2d 180, this Court cited with approval the instruction given in United States v. Wilson, Fed.Cas. No. 16730, which allowed a rebuttable presumption that a gun used in robbing the mails was loaded. It was stated: "In considering the threatening use made of fire-arms in pointing them at the custodian of the mails, he said it was not necessary that it be proved that the guns were charged, the presumption being that it was so until the contrary should be proved."[11]

In the present case the appellant did not introduce any evidence that the gun was not loaded. Therefore under the rebuttable presumption rule there is no question but that the evidence was sufficient to prove that the gun was in fact loaded.

Since the evidence was sufficient under the permissive inference rule as well as

10. The Federal Deposit Insurance Corporation had not been formed at the time of the Shaw case and therefore the Federal Courts had jurisdiction only if the bank was a Federal Reserve Bank or a member bank.

11. 23 F.2d at 182.

the rebuttable presumption rule, it is not necessary at this time to review our position as to which rule should be applied.

We are convinced that none of appellant's contentions of error are valid.

The judgment appealed from is affirmed.