Joseph F. BENT, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17700.

United States Court of Appeals
Eighth Circuit.

Feb. 2, 1965.

Joseph F. Bent, Jr., pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before JOHNSEN, Chief Judge, and VOGEL and BLACKMUN, Circuit. Judges.

PER CURIAM.

Joseph F. Bent, Jr., now an inmate of Leavenworth, appeals in forma pauperis from an order denying his motion under 28 U.S.C. § 2255 "to vacate judgments, convictions and sentences".

The appellant's federal judicial history must be recited:

1. In May 1946 a 3-count indictment was returned in the Western District of Missouri against Bent, then 18 years, of age, William Amos Jones, and Bent's cousin, Thomas Andrew Collins, for violations of 18 U.S.C. (1940 Ed.) § 320 (now 18 U.S.C. § 2114). Count I charged Bent and Jones with robbery of a clerk in charge of a substation of the Kansas City, Missouri, post office of money belonging to the United States,.

and charged Collins with aiding and abetting in that robbery. Count II charged Bent and Jones with placing the victim's life in jeopardy by the use of a dangerous weapon, and charged Collins with aiding and abetting this. Count III charged the three with unlawful conspiracy to commit the robbery and with the commission of stated overt acts pursuant to that conspiracy.

All three defendants initially entered pleas of not guilty. Each was represented by separate retained counsel. When the cases were called for trial, Bent and Jones changed their pleas on Counts I and III to guilty and, after an unsuccessful attempt to plead nolo contendere on Count II, reserved a further plea on that charge. Collins went to trial first and separately. He waived a jury, was tried to the court, and was acquitted on all counts. Bent testified as a government witness at that trial. Upon Collins' acquittal Bent and Jones again entered pleas of not guilty on Count II. They waived a jury and were tried to the court. Bent took the stand in his own defense. He and Jones were found guilty by the late Judge Collet. In July 1946 the court gave both Bent and Jones the mandatory 25 year sentence on Count II prescribed by § 320, and a sentence of one year and a day on each of Counts I and III. The two shorter sentences were both to run concurrently with the longer sentence. This made a total of 25 years.

2. In September 1948, after the shorter sentences had been served, Bent, with different counsel, filed a motion under Rule 35, F.R.Cr.P., for the correction of the sentence on Count II. This was directed primarily to the claimed insufficiency of that count. The motion was sustained by the district court and both Bent and Jones were discharged from custody in December. The government appealed. This court, while recognizing that Count II was somewhat defective in its language, reversed and directed the district court to order the apprehension of Bent and Jones and their restoration to proper custody. United States v. Bent, 175 F.2d 397 (8 Cir. 1949), cert. denied 338 U.S. 829, 70 S. Ct. 79, 94 L.Ed. 504.

3. Almost four years elapsed from his release before Bent was finally apprehended in October 1952.

4. In December 1961 Bent on his own behalf filed a § 2255 motion to vacate and set aside his sentence. This was on the theory that Count II was defective because it failed to provide him with information essential to the preparation of his defense and thereby deprived him of Sixth Amendment rights. The district court denied this motion. We affirmed. Bent v. United States, 308 F.2d 585 (8 Cir.1962), cert. denied 373 U.S. 917, 83 S.Ct. 1307, 10 L.Ed.2d 416.

5. In October 1963 Bent, by retained counsel, filed his current § 2255 motion. By this he now seeks to set aside his guilty pleas on Counts I and III of the 1946 indictment and the convictions on all three counts on a number of grounds: (a) that these pleas were involuntary, were made without knowledge of their consequences and "were treated by the Court as abandoned, since merged in Count 2"; (b) that he and his counsel did not know that his pleas of guilty to Counts I and III would "piece out the fatal defects in pleading and proof in Count 2, as later was declared in the opinion of the United States Court of Appeals"; (c) that he did not know that they included an admission that he had robbed the clerk of government money; (d) that, without these pleas, Count II stated no offense; and (e) that Count II recited no offense and was supported by no evidence "involving jeopardy".

Judge Duncan held a full hearing in January 1964. Bent was produced and testified but presented no other evidence. His motion was then denied. Thereafter Bent's counsel, at Bent's request, was permitted to withdraw.

█ Appellant's contention that he did not know that his pleas of guilty to Counts I and III constituted an admission that he robbed the clerk of government money is untenable. First of

all, these counts, which are reproduced in full in the footnote on pp. 398–99 of 175 F.2d, clearly specified robbery of the named clerk of "lawful money belonging to the United States". What Bent is saying here, basically, is that he intended to rob only a drug store and not a postal substation, even though the drug store contained the substation. He has consistently admitted—by his testimony at Collins' trial, by his briefs, and by his testimony at the hearing on the present motion—that he intended to rob the drug store and did rob it, that he used a gun on the clerk in effecting that robbery, and that he forced the clerk to open his safe's inner drawer from which he took two paper sacks. The clerk testified at Collins' trial that the currency which was in one of those sacks and which was taken was government property and that he told Bent so during the robbery. And at the hearing below it was conceded that whether Bent knew that the establishment he intended to rob was a post office was immaterial. This court pointed out in Lockhart v. United States, 293 F.2d 314, 316 (8 Cir.1961), cert. denied 368 U.S. 1003, 82 S.Ct. 636, 7 L.Ed.2d 541, that the statute is concerned with a robbery committed against "any person having lawful charge, control or custody" of government property, and that it was even immaterial in what task the clerk might have been engaged at the time the defendant entered the store. Bent's protestations of restricted intent as to drug store property, as distinguished from government property, are unconvincing and of no legal consequence in any event, and serve to make this particular contention legally frivolous.

The appellant's argument that Count II recited nothing involving jeopardy is equally frivolous and for the same reasons. And his contention that Count II stated no offense is repetitive of his 1948 motion. We pointed out in Bent's own case, p. 586 of 308 F.2d, supra, as we so often must do, that "Under the express provisions of § 2255, the sentencing court is not required to entertain successive motions for similar relief". This issue was decided in 1949 and is at rest.

Bent's remaining contentions, while perhaps of some theoretical appeal to him, and possibly a little ingenious, possess no merit. These, after the ever-recurring preliminary general comments as to incompetency of trial counsel, youth and lack of education, the absence of jury trial, and the like, come down to the proposition that he and his trial counsel could not have known that his guilty pleas on Counts I and III would be utilized by this court to remedy a defect in the language of Count II, that those pleas were therefore involuntary in that they were made without full knowledge of this consequence, and that the entire case against him collapses accordingly.

All this may well amount to nothing more than saying in a different way what Bent has already said before and unsucessfully. In any event, it is completely answered by an observant reading of our opinion at 175 F.2d 397. We there recognized that Count II was poorly drafted because it failed to include the statute's provision that the jeopardizing of the clerk's life by a dangerous weapon be "in effecting * * * such robbery". But we definitely did not hold that that omission in the charging language of Count II was cured by the self-convictions effected by the pleas to Counts I and III. What we held was that the subject matter of the entire indictment was the carefully specified Kansas City robbery and that Bent, therefore, could have had no possible misapprehension about the fact that he was being charged with that robbery and with effecting the required jeopardy in committing that robbery. We said, pp. 401–02:

"[T]he indictment in controversy gave to Bent and Jones all the information they needed and much more than they wanted. They, of course, knew what the indictment meant. * * *

"Despite its defects, we think that count II of the indictment was sufficiently informative, when read in the light of the applicable statute to which the indictment referred, the subject matter of the other counts, and the indictment as a whole, to support the sentences imposed upon the defendants. \* \* \* The second count should be construed to mean what the defendants, their counsel, and the trial court construed it to mean when Bent and Jones entered their pleas of not guilty, were tried, and were sentenced. There is, we think, no logic or justification in punishing poor, but non-prejudicial, criminal pleading by releasing a guilty defendant."

There is nothing in this language which constitutes a use of the pleas to fill a pleading gap in Count II. We used the indictment, but not the pleas. Those pleas had nothing to do with our decision as to Count II. If the final pleas to Counts I and III had been not guilty, the result as to Count II still would have been the same, namely, that it sufficiently stated an offense. See Wheeler v. United States, 317 F.2d 615, 616 (8 Cir. 1963).

Finally, Bent's comments about abandonment and merger necessarily fall with the rest of his argument. The sentences under Counts I and III have long since been served and are not now subject to collateral attack under § 2255. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Kistner v. United States, 332 F.2d 978, 979 (8 Cir.1964); Redfield v. United States, 315 F.2d 76, 80 (9 Cir. 1963), cert. denied 369 U.S. 803, 82 S.Ct. 642, 7 L. Ed.2d 550.

We note for the record that the transcript of the 1946 trial was before the district court at the 1964 hearing. We, too, have carefully reviewed it. It demonstrates the absence of misapprehension on Bent's part and serves conclusively to buttress our decision here.

Affirmed.