**William Amos JONES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19082.

United States Court of Appeals
Eighth Circuit.

Oct. 2, 1968.

Rehearing Denied Nov. 26, 1968.

William Amos Jones, pro se.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., and John W. Carter, Asst. U. S. Atty., for appellee.

Before MEHAFFY, GIBSON and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

William Amos Jones, an inmate of the United States Penitentiary at Leavenworth, Kansas, brings this appeal from an order denying his motion for correction of sentence pursuant to Fed.R.Crim. P. 35. For reasons hereinafter set forth, we affirm the judgment of the district court.

Appellant Jones was convicted upon a three-count indictment in July, 1946, the first two counts being based on 18 U.S. C.A. § 320, 49 Stat. 867, which is now 18 U.S.C.A. § 2114.[1]

The third count charged a conspiracy to commit Counts I and II. Jones was indicted jointly with Joseph F. Bent, Jr. and Bent's cousin, Thomas Andrew Collins. Count I charged Bent and appellant with robbery of a clerk in charge of a post office station of money belonging to the United States, and charged Collins with aiding and abetting in the robbery. Count II charged Bent and Jones with use of a dangerous weapon in putting the life of the clerk in charge of the substation in jeopardy. This count also charged Collins with aiding and abetting. Count III charged all three with conspiracy to commit the robbery and with the commission of the overt acts pursuant to said conspiracy.

A complete history of the litigation is found in the opinions of this court in Bent v. United States, 340 F.2d 703 (8th Cir. 1965); United States v. Bent, 308 F.2d 585 (8th Cir. 1962), cert. denied,

1. "§ 2114. Mail, money or other property of United States

"Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other proper-

ty of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

373 U.S. 917, 83 S.Ct. 1307, 10 L.Ed.2d 416, reh. denied, 374 U.S. 818, 83 S.Ct. 1699, 10 L.Ed.2d 1042 (1963); United States v. Bent, 175 F.2d 397 (8th Cir. 1949), cert. denied, 338 U.S. 829, 70 S.Ct. 79, 94 L.Ed. 504, reh. denied, 338 U.S. 896, 70 S.Ct. 238, 94 L.Ed. 551 (1949).

Summarized, appellant and Bent originally pleaded guilty to Counts I and III, reserving pleas on Count II until after trial of Collins. Collins waived a jury and was tried to the court separately and acquitted, whereupon Bent and Jones entered pleas of not guilty to Count II. They also elected to waive trial by jury and were tried to the court. The court found both Jones and Bent guilty and on July 10, 1946 each was sentenced to twenty-five years on Count II, and each was sentenced to a year and a day on Counts I and III to run concurrently with the sentence on Count II.

Two years thereafter Bent filed a motion under Fed.R.Crim.P. 35 for the correction of the sentence on Count II. The district court upon the issue therein raised held that Count II of the indictment was insufficient in that it stated no federal offense and would not support the sentence imposed. The Government appealed, asserting that the indictment was not so defective as to warrant vacation of sentences upon motion made more than two years after defendants were convicted. The order of the district court was reversed with directions for the apprehension of Bent and Jones and their restoration to proper custody. United States v. Bent, supra, 175 F.2d 397.

The later cases cited involving appellant and/or his codefendant Bent concerned motions for similar relief in which it is contended that Count II of the indictment is invalid. Bent v. United States, supra, 340 F.2d 703; United States v. Bent, supra, 308 F.2d 585.

Appellant again makes his major argument on the assertion that Count II of the indictment is fatally defective and insufficient as a basis for his conviction. This issue has thrice been decided contrary to the argument made, and for good, logical reasons. We see no occasion to repeat them.

Appellant also complains that the district court improperly considered his motion as one filed under 28 U.S.C.A. § 2255. We find no merit in appellant's argument. In our view, the district court correctly treated the motion as having been brought under § 2255. Cf. Andrews v. United States, 373 U.S. 334, 338, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963); Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

Appellant does not claim that the sentence is illegal or in excess of the statutory maximum, and in fact appellant would benefit rather than be prejudiced by the trial court's treating his motion as one under § 2255 rather than the more narrow function of Fed.R.Crim.P. 35. He seems to have the mistaken notion that a petition under Rule 35 would permit a broader examination of his complaints, but such is not the case, and in any event the title of the motion is of no import inasmuch as the complaints were entertained even though they could well have been dismissed as being frivolous on account of their repetitive nature.

Appellant finally contends that he was prejudiced by being forced to stand trial before the same judge who had already accepted his plea of guilty to two counts of the indictment. However, nowhere has appellant alleged instances of prejudice on the part of the trial judge and the record reflects that he made the decision to waive a jury trial and be tried to the court after the court had accepted his plea of guilty to the other two counts and after the court had tried and acquitted Collins of the same charge.

Furthermore, appellant did not comply with 28 U.S.C.A. § 144 requiring a party to make an affidavit that the judge before whom the matter is pending is prejudiced. Certainly after all these years this issue must be considered waived. Cf. Kramer v. United States, 166 F.2d 515 (9th Cir. 1948). In addition, noth-

ing suggested would raise the issue of bias. This court said in Barry v. Sigler, 373 F.2d 835, 836 (8th Cir. 1967):

"Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings, or has found it necessary to cite a party for contempt, does not automatically or inferentially raise the issue of bias. As stated by the Court in Lyons v. United States, 9 Cir., 1963, 325 F.2d 370, 376, cert. den. 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 which ruled that affidavits filed under § 144 were legally insufficient: 'The section [144] is directed to personal bias, which means an attitude of extrajudicial origin. A mere showing of prior judicial exposure to the present parties or questions will not invoke the section.' (Citing cases.)"

Finding no merit in appellant's contentions, the judgment of the district court denying the motion is affirmed.