James Franklin **LOAR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20257.

United States Court of Appeals,
Eighth Circuit.

Nov. 30, 1970.

James Franklin Loar, pro se.

Richard A. Dier, U. S. Atty., Omaha, Neb., and William J. Tighe, Omaha, Neb., filed brief for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

PER CURIAM.

The appellant, James Franklin Loar, pleaded guilty in August, 1964, to a violation of 18 U.S.C. § 2312 (interstate transportation of a stolen vehicle). On September 14, 1964, he was sentenced under the Federal Youth Corrections Act, 18 U.S.C. §§ 5010(b) and 5017(c). Under the Act, a person in custody must be conditionally released on or before the expiration of four years from the date of sentencing, and unconditionally released on or before the expiration of six years from such date. The court concededly gave no explanation of specific provisions of the Youth Corrections Act before accepting the plea. Under the

Dyer Act, the appellant could have received a maximum of only five years.

Loar served time in federal correctional institutions until March 17, 1966, when he was released on parole. He was recommitted in April, 1968, for parole violation and served out the remainder of the six-year sentence permitted by 18 U.S.C. § 5017(c). On July 17, 1970, he was unconditionally released as required by § 5017(c).

■ The present appeal is from the denial of a § 2255 motion filed October 7, 1969. That motion alleged:

(1) That the District Court did not comply with Rule 11 of the Federal Rules of Criminal Procedure, because it did not explain to the appellant the possible sentence under the Youth Corrections Act.

(2) That the sentence was unconstitutional because it exceeded the maximum sentence permissible under the Dyer Act.

(3) That the District Court sentenced him to only four years.

(4) That the appellant was in custody while on parole, and thus had actually served five years and nine months.

We need not consider the latter three allegations on a § 2255 motion since the appellant has now been unconditionally released. A motion attacking a sentence may be considered only if the appellant is still in custody. Azzone v. United States, 341 F.2d 417 (8th Cir. 1965); Bent v. United States, 340 F.2d 703 (8th Cir. 1965); Kistner v. United States, 332 F.2d 978 (8th Cir. 1964).

■ The first ground of appeal stands on a different footing, however, since it attacks the validity of the conviction itself. We affirm the District Court.

The primary thrust of the appellant's argument is that the District Court did not address the appellant personally to determine whether he knew the consequences of a guilty plea, in accordance with the rules enunciated in McCarthy

v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *McCarthy,* however, is not to be applied retroactively, as this Court has recognized. Halliday v. United States, 394 U.S. 831, 89 S. Ct. 1498, 23 L.Ed.2d 16 (1969); Jarrett v. United States, 423 F.2d 966 (8th Cir. 1970. Thus, *McCarthy* has no application to the appellant's 1964 conviction.

■ We must consider whether the appellant's plea of guilty was knowing and voluntary. This question was determined by a hearing held in the District Court shortly after the appellant's conviction and need not be redetermined here. The appellant, in November, 1964, had filed applications for writs of error coram nobis and habeas corpus, alleging that he had not been aware of the possible Youth Corrections Act sentence. After hearing testimony from both the appellant and the attorney who had represented him at the pleading stage, the District Court determined that the appellant was adequately informed of the consequences of his plea at the time he entered it. We find, as we found in a previous unpublished order in 1965,[1] that there is no basis on which to overturn the factual determinations of the District Court.

At the time the appellant entered his plea, it was not required that the court address the defendant personally to inform him of possible sentences. We so held shortly after the appellant's conviction in Kotz v. United States, 353 F.2d 312 (8th Cir. 1965). There we determined that

" * * * [the] conviction and sentence were not invalid because the court did not itself engage in explanation of the nature and extent of the restraint to which he might be subjected under § 5010(b), if the fact was that he actually had knowledge and comprehension thereof in relation to his plea, or in relation to the subsequent sentencing proceedings where the cir-

---

1. Our order affirmed the District Court's denial of the appellant's motion to appeal *in forma pauperis.* James Franklin Loar v. United States of America, Misc. No. 351 (8th Cir. 1965, unpublished).

cumstances thereof were such that it could rationally be concluded he was permitting this to have operation as to his plea."

*Id.* at 314.

The judgment of the District Court is affirmed.